**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**

**ANDREW MITCHELL,**

      **Plaintiff,**

**v.**                                                    **Case No. 5:13cv179/LC/CJK**

**L. MILLER, et al.,**

      **Defendants.**
_____/

**ORDER and**
<u>**REPORT AND RECOMMENDATION**</u>

This cause is before the court on the plaintiff's civil rights complaint filed under 42 U.S.C. § 1983 (doc. 1), motion to supplement records (doc. 3), and motion to amend complaint (doc. 10).  Upon review of the plaintiff's complaint, the court recommends that the case be dismissed as malicious based on the plaintiff's abuse of the judicial process.

Plaintiff is an inmate of the Florida Department of Corrections ("DOC"), currently confined at Apalachee Correctional Facility.  (Doc. 11).  Plaintiff's complaint names three defendants: Medical Clinician L. Miller, Chief Health Officer Sanchez, and Secretary of the DOC Michael Crews.  (Doc. 1, p. 2).  The plaintiff claims that the defendants are violating his rights under the Eighth Amendment to the

United States Constitution by deliberate indifference to his medical condition.  (Doc.
1, p. 8).  As relief, plaintiff seeks the court to direct DOC and the Apalachee
Correctional Facility's medical staff "to compensate plaintiff for the pain an [sic]
suffering caused by medical staff . . . ."  (Doc. 1, p. 8).

DISCUSSION

The *in forma pauperis* statute, 28 U.S.C. § 1915, requires the Court to dismiss
this case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a
claim on which relief may be granted; or (iii) seeks monetary relief against a
defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  On the civil
rights complaint form he submitted, the plaintiff was required to identify and describe
all other federal court actions he has filed dealing with the "same or similar
facts/issues involved in this action."  (Doc. 1, p. 3).  He also was required to identify
and describe all other federal civil actions he has initiated that relate to the fact or
manner of his incarceration, including habeas corpus petitions, or the conditions of
his confinement, including civil rights complaints about any aspect of prison life,
whether it be general circumstances or a particular episode, and whether it involved
excessive force or some other wrong.  In response to those questions, the plaintiff
disclosed no cases.  In response to a question asking whether he had initiated lawsuits
or appeals from lawsuits in federal court that were dismissed as frivolous, malicious,
or for failure to state a claim upon which relief may be granted, the plaintiff identified
no cases.  The plaintiff failed to disclose a number of other cases that should have
been disclosed.

As a matter of course, the court attempts to make an independent investigation
into whether or not litigants truthfully complete the complaint forms, especially when

a lack of candor in informing the court of prior lawsuits may affect the court's jurisdiction. Further, in the light of 28 U.S.C. § 1915(g),[1] the court must investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision. The information obtained from the disclosure requirements also helps the court consider whether the action is related to or should be considered in connection with another case or whether a holding in another case affects the current action. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable.

The court takes judicial notice that, at the time the plaintiff filed his complaint in this case, the plaintiff had initiated at least five other lawsuits in federal court that should have been disclosed, including the following:

- *Mitchell v. Geiger, et al.*, Middle District Case Number 3:96cv554, a civil rights lawsuit the plaintiff filed in federal court while incarcerated at the Columbia Correctional Institution. The case was dismissed on June 28, 1996.

- *Mitchell v. Moore, et al.*, Middle District Case Number 3:99cv579, a petition for writ of habeas corpus brought under 28 U.S.C. § 2254 that the plaintiff filed in federal court while incarcerated at the Mayo Correctional Institution. The case was dismissed on November 18, 1999 because it was time barred.

- *Mitchell v. Moore, et al.*, Middle District Case Number 3:99cv522 a petition for writ of habeas corpus brought under 28 U.S.C. § 2254 that

---

[1] Section 1915(g) provides that "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," the prisoner may not bring an action *in forma pauperis* unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

the plaintiff filed in federal court while incarcerated at the Mayo Correctional Institution. The case was dismissed on May 28, 1999 because plaintiff failed to include an original signature with his petition.

- *Mitchell v. Singletary, et al.*, Middle District Case Number 3:98cv711, a petition for writ of habeas corpus brought under 28 U.S.C. § 2254 that the plaintiff filed in federal court while incarcerated at the Columbia Correctional Institution. The case was dismissed on July 24, 1998, because plaintiff failed to exhaust his remedies in state court.

- *Mitchell v. Moore, et al.*, Middle District Case Number 3:99cv363, a petition for writ of habeas corpus brought under 28 U.S.C. § 2254 that the plaintiff filed in federal court while incarcerated at the Columbia Correctional Institution. The case was dismissed on April 27, 1999, for abuse of the judicial process.

All of the foregoing cases may be positively identified as having been filed by the plaintiff because they bear his inmate number 813271.

The court has the authority to control and manage matters such as this pending before it, and the plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it, particularly by a plaintiff who has engaged in such conduct in the past. Here, as before, the plaintiff falsely responded to questions on the complaint form by not disclosing his litigation history despite knowledge that disclosure of all prior civil cases was required. If the plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. The court will not allow the plaintiff's false responses to go unpunished and finds that an appropriate sanction for his abuse of the judicial process

in not providing the court with true factual statements or responses is to dismiss this case without prejudice.

Accordingly, it is ORDERED:

1. Plaintiff's motion to supplement records (doc. 3) and motion to amend (doc. 10) are DENIED as MOOT.

And it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE as malicious under 28 U.S.C. §1915(e)(2)(B)(i) for plaintiff's abuse of the judicial process.

2. That the Clerk be directed to close the file.

At Pensacola, Florida this 18th day of November, 2013.


/s/ *Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**



## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).